UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X
In re:

                                        Chapter 13

WINSOME DAVIDSON,                      Case No. 8-25-73951-ast

                      Debtor.
--------------------------------------- X

## ORDER GRANTING IN REM RELIEF
## FROM THE AUTOMATIC STAY

On December 18, 2025, the Motion (the "Motion") of Rushmore Servicing as servicer for U.S. Bank National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust, Series 2016-CTT ("Movant"), dated November 11, 2025 came before the Court, for relief from the automatic stay with respect to the collateral known as 46 Peters Avenue, Hempstead, NY 11550 (the "Collateral"). Proper notice of the hearing has been provided. This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) for cause as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, may take any and all action under applicable non-bankruptcy law to exercise its remedies against the Collateral; and it is further

**ORDERED**, that the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a) as it applies to Milton Davidson, the co-debtor, is hereby terminated pursuant to 11 U.S.C. §1301(c)(3); and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4)(B), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be

binding in any other case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording; and it is further

**ORDERED**, that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within **thirty (30) days** of the report [*if applicable*] and shall be noticed with any surplus monies realized from the sale of the Collateral; and it is further

**ORDERED**, that Movant may offer a loan modification, loss mitigation and any other resolution of the disputes made the subject of the Motion in addition to or in lieu of taking any and all action under applicable state law to exercise its remedies against the Collateral, to the extent consistent with non-bankruptcy law, but excluding a reaffirmation of any discharged debt.

**ORDERED**, that all other relief sought in the Motion, including any requested waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3), is denied.

Dated: December 23, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge